# IN THE UNITED STATES CIRCUIT COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## COURT OF APPEALS CASE NO.: 11-12179-HH
### D.C. Docket No. 11-CV-20414-MGC

---

## NCL (BAHAMAS) LTD. d/b/a NCL,

### Defendant/Appellant,

### vs.

## ERICKSON HARRISSON

### Plaintiff/Appellee.

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

---

## APPELLANT'S INITIAL BRIEF

---

**CURTIS J. MASE**
**Florida Bar No.: 0478083**
**VALENTINA M. TEJERA**
**Florida Bar No.: 0536946**
**MASE LARA EVERSOLE, P.A.**
*Attorneys for Appellant*
**2601 South Bayshore Drive**
**Suite 800**
**Miami, Florida 33133**
**Tel. No.: 305-377-3770**
**Fax No.: 305-377-0080**

## CERTIFICATE OF INTERESTED PARTIES
## AND CORPORATE DISCLOSURE STATEMENT

Undersigned counsel for Appellant NCL (BAHAMAS) LTD. certifies that

the following is a complete list of all known persons and entities with an interest in

the outcome of this case:

Marcia G. Cooke, United States District Judge, Southern District of Florida

William C. Turnoff, United States Magistrate Judge, Southern District of
Florida

Mase Lara Eversole, P.A., and its attorneys, including Curtis J. Mase, Esq. and
Valentina M. Tejera, Esq.

Peter Sotolongo, Esq.

Paul Brown Feltman, Esq.

Arrasas Limited

NCL (Bahamas) Ltd.

NCL Corporation Ltd.

NCL International, Ltd.

NCL Investment Ltd.

NCL Investment II Ltd.

TPG Viking AIV III, L.P.

TPG Viking I, L.P.

**MASE LARA EVERSOLE**

TPG Viking II, L.P.

Star NCLC Holdings Ltd.

Erikson Harrisson

**MASE LARA EVERSOLE**

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

**MASE LARA EVERSOLE**

## TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PARTIES AND
CORPORATE DISCLOSURE STATEMENT ............................................. i

STATEMENT REGARDING ORAL ARGUMENT ................................... iii

TABLE OF AUTHORITIES ........................................................ v

JURISDICTIONAL STATEMENT ................................................ 1

STATEMENT OF THE ISSUE .................................................... 5

STATEMENT OF THE CASE AND FACTS ................................. 5

STANDARD OF REVIEW ........................................................ 7

SUMMARY OF THE ARGUMENT ........................................... 8

ARGUMENT ............................................................................ 9

      LINDO AND BAUTISTA ARE ON POINT AND
      REQUIRE THE ENFORCEMENT OF HARRISSON'S
      AGREEMENT TO ARBITRATE UNDER BAHAMIAN
      LAW ................................................................................ 9

CONCLUSION ....................................................................... 13

CERTIFICATE OF COMPLIANCE WITH FONT SIZE ........................... 14

CERTIFICATE OF SERVICE ................................................... 14

**MASE LARA EVERSOLE**

## TABLE OF AUTHORITIES

**Case**                                                 **Page**

*Alvarez v. Uniroyal Tire Co.,*
   508 F.3d 639 (11th Cir. 2007) ................................................. 7

*\*Bautista v. Star Cruises,*
   396 F.3d 1289 (11th Cir. 2005) .................................. 5,8,9,10,11,12,13

*Beiser v. Weyler,*
   284 F.3d 665 (5th Cir. 2002) ........................................... 1,3,4

*Bess v. Check Express,*
   294 F.3d 1298 (11th Cir. 2002) ........................................ 7

*Clorox Co. v. U.S. Dist. Ct.,*
   779 F.2d 517 (9th Cir. 1985) .............................................. 2

*City of Waco v. United States Fidelity & Guar. Co.,*
   293 U.S. 140 (1934)................................................................ 1

*Doe v. Princess Cruise Lines, Ltd.,*
   ---F.3d---, (11th Cir. 2011) ............................................. 12

*Francisco v. STOLT ACHIEVEMENT MT,*
   293 F.3d 270 (5th Cir. 2002) ........................................... 10

*Henriquez v. NCL (Bahamas) Ltd. d/b/a NCL,*
   No. 09-cv-21950 (S.D. Fla. 2009) ..................................... 13

*Hernandez v. Seminole County, Fla.,*
   334 F.3d 1233 (11th Cir. 2003) ........................................ 2

*\*Lindo v. NCL (Bahamas), Ltd.,*
   Case No. 10-1036........................................ 4,5,8,9,11,12,13

**MASE LARA EVERSOLE**

*Lobo v. Celebrity Cruises, Inc.,*
    488 F.3d 891 (11th Cir. 2007) ............................................................. 9

*McDermott International, Inc. v. Lloyds Underwriters of London,*
    944 F.2d 1199 (5th Cir. 1991) ............................................................. 4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
    473 U.S. 614 (1985) ............................................................................ 10

*Pelleport Investors, Inc., v. Budco Quality Theaters,*
    741 F.2d 273 (9th Cir. 1984) ............................................................... 2

*Poore v. American-Amicable Life Ins. Co. of Texas,*
    218 F.3d 1287 (11th Cir. 2000) ........................................................... 7

*Russell Corp. v. American Home Assurance Co.,*
    264 F.3d 1040 (11th Cir. 2001) ........................................................... 2

*Scherk v. Alberto Culver Co.,*
    417 U.S. 506 (1974) ........................................................................ 4,10

*Shaw v. Delta Air Lines, Inc.,*
    463 U.S. 85 (1983) .............................................................................. 3

*Snapper, Inc. v. Redan,*
    171 F.3d 1249 (11th Cir. 1999) ........................................................... 1

*Thermtron Products, Inc. v. Hermansdorfer,*
    423 U.S. 336 (1976) ............................................................................ 1

*Thomas v. Carnival Corp.,*
    573 F.3d 1113 (11th Cir. 2009) ........................................... 1,6,8,11,12

## OTHER AUTHORITIES:

9 U.S.C. § 16 ........................................................................................ 4,5

9 U.S.C. § 16(a)(1)(c) ............................................................................. 1

**MASE LARA EVERSOLE**

9 U.S.C. § 203 ........................................................................... 2

9 U.S.C. § 205 ...................................................................... 1,3,6

9 U.S.C. § 208 ........................................................................ 4,5

28 U.S.C. § 1446(c)................................................................... 2

**MASE LARA EVERSOLE**

## JURISDICTIONAL STATEMENT

The district court had federal question jurisdiction over Appellee's, Erikson Harrisson ("Harrisson"), complaint based on 9 U.S.C. § 205, as an action or proceeding relating to an arbitration agreement falling under the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Harrisson's complaint alleges claims that are subject to the parties' agreement to arbitrate under the Convention.

This Court has jurisdiction to review the district court's April 27, 2011 Omnibus Order that granted Plaintiff's motion to remand and that denied Appellant's, NCL (BAHAMAS) LTD d/b/a NCL ("NCL"), motion to dismiss and compel arbitration based on a finding that *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), applies to invalidate the parties' arbitration agreement. *See* 9 U.S.C. § 16(a)(1)(c); *City of Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140 (1934); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252-53 (11th Cir. 1999); *see generally Beiser v. Weyler*, 284 F.3d 665, 672-75 (5th Cir. 2002).[1]

Furthermore, the order on remand does not fall under the category of orders that are barred from appellate review because it is not based on a removal defect or

---

[1] In connection with this appeal, NCL submitted its response to Appellee's motion to dismiss appeal. The argument made in that response is hereby incorporated by reference.

MASE LARA EVERSOLE

on a lack of federal subject matter jurisdiction. *See Clorox Co. v. U.S. Dist. Ct.*, 779 F.2d 517, 520 (9th Cir. 1985); *see also Pelleport Investors, Inc., v. Budco Quality Theaters*, 741 F.2d 273, 275-79 (9th Cir. 1984) (remand order based on enforceability of forum selection clause is a final reviewable order). Rather, whether a dispute should be compelled to arbitration is a separate inquiry based on the interpretation of the parties' agreement; an inquiry that has nothing to do with whether the court has jurisdiction under the Convention. And the issue of whether to compel the parties to arbitration is not a determination made for the express purpose of determining jurisdiction. *See Russell Corp. v. American Home Assurance C*o., 264 F.3d 1040, 1043-45 (11th Cir. 2001) (finding that remand order was based on a substantial determination of a contractual provision which was external to the removal process); *cf. Hernandez v. Seminole County, Fla.*, 334 F.3d 1233, 1239, 1241 (11th Cir. 2003).

Proper removal requires a defendant to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant... in such action." 28 U.S.C. § 1446(c). NCL removed this action under the Convention. *See* 9 U.S.C. § 203. Under that section, "[a]n action ... falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the

2

**MASE LARA EVERSOLE**

United States ... shall have original jurisdiction over such an action ..., regardless of the amount in controversy." Further, section 205 provides that "[w]here the subject matter of an action or proceeding pending in a State court *relates* to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States ... . For purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed." (Emphasis added).

Under the Convention's broad removal provisions, all that is required for proper removal is that an action "relate" to an arbitration agreement falling under the Convention. *See* 9 U.S.C. § 205; *see also, Beiser*, 284 F.3d at 669. As such, "whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement "relates to" the plaintiff's suit" and confers to the district court jurisdiction under section 205. *See Beiser*, 284 F.3d at 669. Thus, "[a]s long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of "relates to."" *Beiser*, 284 F.3d at 669, 674; *see also Shaw v. Delta*

*Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983) (The phrase "relates to" generally conveys a sense of breadth).

Such an interpretation is necessary so as to not intertwine jurisdiction with the merits of a request for arbitration. *See Beiser*, 284 F.3d at 670. Jurisdiction does not hinge on the enforceability of an agreement to arbitrate. That analysis goes beyond a facial jurisdictional determination and potentially undermines the Convention's purpose of providing uniformity of enforcement among the treaty's signatories. *See id.* at 673, *citing Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). Whether a district court has the power to determine arbitration is different from whether it should compel an action to arbitration.

If this Court were to determine that it lacks jurisdiction to review the order on remand, then the effect would be to potentially insulate an order that denies arbitration from further appellate review in contravention of 9 U.S.C. § 16 and § 208. "Insulating some significant category of refusals to enforce arbitration clauses from appellate review would clash with the policy favoring arbitration; it would treat such claims worse rather than better than most legal issues." *See Beiser*, 284 F.3d at 673; *see also McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1211-12 (5th Cir. 1991). Not only would this contravene the Convention – thereby undermining the international reciprocity implicit therein – but also avoid clear congressional intent for the availability of

4

**MASE LARA EVERSOLE**

immediate appellate review from an order denying arbitration. *See* 9 U.S.C. §§ 16, 208.

NCL filed a timely notice of appeal from the order on May 4, 2011. [D.E. 24, Notice of Appeal]. The appeal is from an order that finally disposes of NCL's contractual right to compel arbitration. [D.E. 22, Omnibus Order].

## STATEMENT OF THE ISSUE

Whether *Lindo v. NCL (Bahamas), Ltd.*, Case No. 10-10367 (2011 WL 3795234 (Aug. 29, 2011)) and *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005) require the enforcement of Harrisson's agreement to arbitrate under Bahamian law.

## STATEMENT OF CASE AND FACTS

Harrisson, a Jamaican citizen, filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging that he sustained injuries while working aboard one of NCL's vessels. [D.E. 1-4, Notice of Removal]. Harrisson's employment with NCL is governed by his Contract of Employment and Collective Bargaining Agreement that require arbitration under Bahamian law[2]

---

[2] Below, NCL consented to the application of U.S. law during arbitration. Despite its stipulation, the district court held that its "offer of stipulation does not resolve this matter because a stipulation requires the consent of counsel for both parties." [D.E. 22, Omnibus Order at p. 4]. Harrisson's counsel never consented to the stipulation. NCL withdraws its prior stipulation to apply United States law during arbitration.

5

**MASE LARA EVERSOLE**

in accordance with the United Nations Convention on Recognition and
Enforcement of Foreign Arbitral Awards. [D.E. 1-2, CBA, Article 8, ¶ 7; D.E. 1-3,
Contract of Employment, ¶ 12; D.E. 22 Omnibus Order, p. 4].

Despite his agreement to arbitrate, Harrisson filed a complaint against NCL
in the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County,
wherein he alleged the following counts against NCL: Jones Act Negligence and
Failure to Provide Maintenance and Cure. [D.E. 1-4, Complaint]. NCL removed
the state court action to the district court, Southern District of Florida, pursuant to
9 U.S.C. § 205, the Contract of Employment and CBA, to compel arbitration of
Harrisson's claims. [D.E. 1, Notice of Removal]. NCL filed a motion to compel
arbitration and Harrisson filed a motion to remand. [D.E. 3, Motion to Dismiss
and Compel Arbitration; D.E. 5, Motion to Remand].

On April 27, 2011, in an omnibus order, the district court denied NCL's
motion to dismiss and compel arbitration, and granted Harrisson's motion to
remand. [D.E. 22, Omibus Order, p. 5]. In the order, the district court found the
arbitration agreement that required arbitration in Jamaica or Bahamas under
Bahamian law to be unenforceable for the reasons noted in *Thomas v. Carnival*,
573 F.3d 1113 (11th Cir. 2009). [D.E. 22, Omnibus Order, p. 4]. Specifically, the
district court found that the Bahamian choice-of-law provision was void as against

public policy because it would prospectively waive Harrisson's right to pursue his statutory remedies. [D.E. 22, Omnibus Order at p. 5].

NCL filed a timely notice of appeal from the district court's omnibus order. Harrisson moved to dismiss the appeal.

## STANDARD OF REVIEW

This Court reviews *de novo* the district court's order on remand and denial of arbitration. *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1289 (11th Cir. 2000), *abrogated on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007); *see also Bess v. Check Express*, 294 F.3d 1298, 1302 (11th Cir. 2002).

**MASE LARA EVERSOLE**

## SUMMARY OF THE ARGUMENT

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *Lindo v. NCL (Bahamas), Ltd.*, Case No. 10-10367 (2011 WL 3795234 (Aug. 29, 2011)), and *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005) apply and require arbitration of Harrisson's claims. Pursuant to *Lindo* and *Bautista*, arbitration is required if the Convention's four jurisdictional prerequisites are met and none of the Convention's affirmative defenses apply. Here, all four jurisdictional prerequisites are met and no affirmative defenses apply. As such, the district court erred when it denied NCL's motion to arbitrate and granted Harrisson's motion to remand.

The district court relied on *Thomas v. Carnival Corporation*, 573 F.3d 1113 (11th Cir. 2009), in support of its determination that NCL's agreement to arbitrate under Bahamian law is invalid as against U.S. public policy. But this Court in *Lindo* rejected the reasoning in *Thomas* as contrary to that in *Bautista* and held that only after arbitration may a court refuse to enforce an arbitral award if the award is contrary to the public policy of the country. Accordingly, *Lindo* and *Bautista* control and require the enforcement of the parties' agreement to arbitrate.

**MASE LARA EVERSOLE**

## ARGUMENT

### LINDO AND BAUTISTA ARE ON POINT AND REQUIRE THE ENFORCEMENT OF HARRISSON'S AGREEMENT TO ARBITRATE UNDER BAHAMIAN LAW

*Lindo v. NCL (Bahamas), Ltd.*, Case No. 10-10367 (2011 WL 3795234 (Aug. 29, 2011)) and *Bautista v. Norwegian Cruise Line Ltd.*, 396 F.3d 1289, 1302 (11th Cir. 2005), are on point, apply, and require reversal of the district court's order that denied NCL's motion to compel arbitration and that granted remand. Enforcement of the parties' agreement to arbitrate is required pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). The Convention provides that "[e]ach Contracting State *shall recognize* an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen ... between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration." *See Lobo v. Celebrity Cruises, Inc.*, 488 F.3d 891, 894 (11th Cir. 2007) (*quoting* Convention, Article II(1)) (emphasis added); *see also Bautista v. Star Cruises*, 396 F.3d 1289, 1296 (11th Cir. 2005). As such, "the Convention compels federal courts to direct qualifying disputes to arbitration[.]" *Lobo*, 488 F.3d at 895.

Supreme Court precedent "establish[es] a strong presumption in favor of enforcement of freely negotiated contractual choice-of-forum provisions ...

9

**MASE LARA EVERSOLE**

reinforced by the emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). This presumption – as evidenced by Congressional implementation of the Convention Act into the Federal Arbitration Act – applies with "special force in the field of international commerce." *Id.*; *see also Bautista*, 396 F.3d at 1299 (*citing Scherk v. Alberto Culver Co.*, 417 U.S. 506, 520 n. 15 (1974)). "The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was *to encourage the recognition and enforcement of commercial arbitration agreements in international contracts* and *to unify the standards by which agreements to arbitrate are observed* and arbitral awards are enforced in the signatory countries." *See Bautista*, 396 F.3d at 1299 (*citing Scherk*, 417 U.S. at 520 n. 15) (emphasis supplied in *Bautista*); *see also Mitsubishi Motors*, 473 U.S. at 631.

This Court correctly recognized the Convention's strong presumption favoring international arbitration in *Bautista*, when it held that "[i]n deciding a motion to compel arbitration under the Convention Act, a court conducts 'a very limited inquiry.'" 396 F.3d 1289, 1294 (11th Cir. 2005) (*citing Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)), *cert. denied*, 537 U.S. 1030 (2002). The four jurisdictional prerequisites are whether:

(1) there is an agreement in writing within the meaning of the
Convention; (2) the agreement provides for arbitration in the
territory of a signatory of the Convention; (3) the agreement arises
out of a legal relationship, whether contractual or not, which is
considered commercial; and (4) a party to the agreement is not an
American citizen, or that the commercial relationship has some
reasonable relation with one or more foreign states.

*Id.* at 1294, n.7. Arbitration is required unless the four jurisdictional prerequisites
are not met or one of the Convention's affirmative defenses applies. *See Bautista*,
396 F.3d at 1294-95, 1302.

Below, Harrisson did not dispute that the arbitration agreement met all four
*Bautista* jurisdictional prerequisites. [D.E. 22, p. 3]. Nor did Harrisson invoke any
of the Convention's affirmative defenses found under Article II. Rather, Harrisson
relied on the reasoning in *Thomas* to assert that the agreement to arbitrate violated
the public policy of the United States.

This Court in *Lindo* recently reaffirmed the strong presumption in favor of
arbitration and the notion that statutory claims are arbitrable "absent a contrary
intention clearly and specifically expressed by Congress." *Lindo*, 2011 WL
3795234, *18. Further, *Lindo* explained that while the narrow affirmative defenses
under the Convention's Article II are available to challenge the enforceability of an
agreement to arbitrate, the defenses under Article V – including the public policy
defense – are not available until the award enforcement stage, or post-arbitration.
*See id.* at *18-*24. Article II's defenses are narrow in scope and are limited to

11

**MASE LARA EVERSOLE**

when an agreement is "null and void, inoperative or incapable of being performed" – defenses that are "standard breach-of-contract defenses" and that "can be applied neutrally on an international scale." *Id.* at \*18 (citing New York Convention, art. II(3)). The "null and void" defense encompasses challenges of "fraud, mistake, duress, and waiver." *See id.*

Harrisson did not invoke the Convention's limited defenses. Rather, he relied on the public policy defense set forth in *Thomas*. As indicated by this Court in *Lindo*, the Convention's Article II does not include violation of public policy as an affirmative defense to arbitration. *See id.*; *see also Doe v. Princess Cruise Lines, Ltd.*, ---F.3d---, 2011 WL 4425288, \*14 n.14 (11th Cir. 2011) (writing that "to the extent *Thomas* allowed the plaintiff seaman to prevail on a new public policy defense under Article II, *Thomas* violates *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005) and our prior panel precedent rule."). Further, in *Lindo*, this Court noted that *Thomas* did not cite or acknowledge *Bautista*'s governing principles and that its creation of a new "public policy" defense violated the Convention, Supreme Court precedent, and *Bautista*. *See id.* at \*21. As such, based on this Court's recent pronouncement in *Lindo*, Harrisson can no longer avail himself of the public policy defense prior to arbitration. Accordingly, the district court's order that relied on *Thomas* to invalidate the parties' agreement to

## CERTIFICATE OF COMPLIANCE WITH FONT SIZE

I certify that this brief complies with the type-volume limitation set forth in

FRAP 32(a)(7)(B).  This brief has been drafted in Times New Roman, 14-point

font. This brief contains 3,398 words.

Respectfully submitted,
MASE, LARA, EVERSOLE, P.A.
*Attorneys for Appellant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By:    /s/ Valentina M. Tejera
     CURTIS J. MASE
     Florida Bar No. 478083
     VALENTINA M. TEJERA
     Florida Bar No.: 0536946

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2011, the foregoing

document is being served on all counsel of record or *pro se* parties identified below

in the manner specified.

Peter Sotolongo, Esq.
Sotolongo, P.A.
201 South Biscayne Boulevard
Suite 2830
Miami, Florida 33131
Tel: (305) 415-0073
Fax: (305) 371-8667

**MASE LARA EVERSOLE**

Paul B. Feltman, Esq.
2100 Ponce de Leon Boulevard, #800
Coral Gables, FL 33134
Tel: (305) 444-5885
Fax (305) 444-8986

/s/ Valentina M. Tejera
Valentina M. Tejera

**MASE LARA EVERSOLE**