

Valentina M. Tejera
vtejera@mletrial.com

July 10, 2012

**VIA FEDERAL EXPRESS**
John Ley, Clerk of Court
U.S. District Court of Appeals for the 11th Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

    Re: **NCL (Bahamas) Ltd. vs. Erikson Harrison**
        Appeal No. : 11-12179

Dear Mr. Ley:

    NCL hereby submits the following supplemental authority, *St. Hugh Williams v. NCL (Bahamas) Ltd., d.b.a. NCL,* Case No. 11-12150, in support of its position that this Court has jurisdiction to review the order on remand that denied NCL's motion to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Awards (Convention).

    In the *Williams* published opinion issued yesterday, this Court reversed a district court order that denied arbitration as moot and granted remand based on *Thomas v. Carnival.* In so doing, this Court held that it had authority to review the district court's order of remand. There, NCL removed the action to federal court to enforce the parties' agreement to arbitrate under the Convention. The district court remanded the action and denied NCL's motion to compel arbitration as moot. NCL appealed from the district court's order, but Plaintiff sought to dismiss the appeal on argument that this Court did not have jurisdiction to review the action that had been remanded.

    This Court held that it had jurisdiction over the order of remand based on an exception to section 1447(d). It applied the holding in *City of Waco v. U.S. Fidelity & Guaranty Co.*, that an appellate court may review a decision of the district court that "in logic and in fact ... preceded that of remand" and that, "if not reversed or set aside, is conclusive upon" the appellant. 293 U.S. 140, 55 S. Ct. 6, 7 (1934). This Court held that the ruling on arbitration is separate from the order of remand and that it is a substantive decision that "changes the contours of the state court action after remand."

      That the ruling on arbitration is substantive was made clear during the oral argument of this case where this Court sought plaintiff counsel's stipulation not to seek application of collateral estoppel in the state court proceedings on the issue of arbitration. In *Williams*, this Court vacated the order of remand and reversed with instructions for the district court to compel the case to arbitration. *Williams* is on point and requires the same result in this case.

                      Sincerely,

                      Valentina M. Tejera

Enclosure
cc:    Paul Feltman, Esq.
       Peter Sotolongo, Esq.

VT/rc/18200/#322

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

No. 11-12150
Non-Argument Calendar

D.C. Docket No. 1:10-cv-22046-JAL

ST. HUGH WILLIAMS,

Plaintiff - Appellee,

versus

NCL (BAHAMAS) LTD.,
d.b.a. NCL,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(July 9, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal concerns our authority to review an order remanding an action based on an antecedent and erroneous ruling that an agreement to arbitrate was unenforceable. St. Hugh Williams filed in a Florida court a complaint that, while working onboard the M/V Norwegian Sky, he was injured as a result of the negligence and other tortious conduct of the owner of the ship, NCL (Bahamas) Ltd. See 46 U.S.C. § 30104. NCL removed the action to the district court on the ground that Williams was contractually bound to arbitrate his complaint under the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 205, but Williams moved to remand the action to state court. The district court ruled that the arbitration clause was unenforceable, see Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir. 2009), and then the district court granted Williams's motion to remand. NCL appealed, and this Court later held, in Lindo v. NCL (Bahamas) Ltd., 652 F.3d 1257 (11th Cir. 2011), that an agreement to arbitrate under the Convention is enforceable. Williams argues that this Court lacks jurisdiction, 28 U.S.C. § 1447(d), but we have jurisdiction to review the denial of the motion to compel under City of Waco v. U.S. Fidelity & Guaranty Co., 293 U.S. 140, 55 S. Ct. 6 (1934). We reverse the order denying the motion to compel of NCL, vacate the order remanding Williams's complaint to state court, and remand with instructions to compel arbitration.

2

We may review the denial of the motion of NCL to compel arbitration under an exception to section 1447(d). In <u>Waco</u>, the Supreme Court held that an appellate court may review a decision of the district court that "in logic and in fact ... preceded that of remand" and that, "if not reversed or set aside, is conclusive upon" the appellant. 293 U.S. at 143, 55 S. Ct. at 7. <u>Waco</u> "allows [an appellate court] to review district court orders that lead to, but are separate from, orders of remand and have a conclusive effect upon the ensuing state court action." <u>Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc.</u>, 179 F.3d 1279, 1286 (11th Cir. 1999). The ruling that the arbitration clause was unenforceable was separate from and led to the order of remand. The district court resolved the merits of the motion to compel and then ruled that it lacked jurisdiction to adjudicate the dispute between Williams and NCL. The ruling also "changes the contours of the state court action after remand." <u>Id.</u> Under Florida law, collateral estoppel applies when the identical issue has been "fully litigated" between the identical parties and "determined in a contest that result[ed] in a final decision of a court of competent jurisdiction." <u>City of Oldsmar v. State</u>, 790 So. 2d 1042, 1046 n.4 (Fla. 2001). On remand to a Florida court, NCL would be barred from compelling Williams to arbitrate his complaint.

The district court erred when it denied the motion of NCL to compel

3

Williams to arbitrate his complaint. The district court based its ruling on our decision in Thomas v. Carnival, 573 F.3d at 1122–24, where we refused to enforce an agreement to arbitrate under the United Nations Convention on the ground that it was "null and void as a matter of public policy" because the complainant could not assert statutory claims for relief. We have since ruled in Lindo that Thomas is inconsistent with our prior precedent in Bautista v. Star Cruises, 396 F.3d 1289, 1302 (11th Cir. 2005). "To the extent Thomas was applying Article II" of the Convention, Thomas "failed to follow our precedent in . . . Bautista" by recognizing public policy as an additional defense to enforcement of an arbitration agreement. Lindo, 652 F.3d at 1277–78. Our precedent dictates that a court must enforce an agreement to arbitrate under the Convention unless that agreement is "null and void" as being "obtained through those limited situations, such as 'fraud, mistake, duress, and waiver,' constituting 'standard breach-of-contract defenses' that 'can be applied neutrally on an international scale.'" Id. at 1276 (quoting Bautista, 396 F.3d at 1302). Williams did not assert any of these grounds in response to the motion to compel, and NCL was entitled to compel Williams to arbitrate.

We **REVERSE** the order denying the motion to compel of NCL, **VACATE** the order remanding this action to state court, and **REMAND** with instructions to

compel Williams to arbitrate his dispute with NCL.