# IN THE UNITED STATES CIRCUIT COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT



CASE NO.: 11-12179-~~HH~~ A A

NCL (BAHAMAS) LTD. d/b/a NCL,

Defendant/Appellant,

vs.

ERICKSON HARRISSON

Plaintiff/Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, CASE NO. 11-CV-20414-MGC

---

APPELLANT'S PETITION FOR REHEARING WITH
PETITION FOR REHEARING *EN BANC*

---

CURTIS J. MASE
Florida Bar No.: 0478083
VALENTINA M. TEJERA
Florida Bar No.: 0536946
MASE LARA EVERSOLE, P.A.
*Attorneys for Appellant*
2601 South Bayshore Drive
Suite 800
Miami, Florida 33133
Tel. No.: 305-377-3770
Fax No.: 305-377-0080

## CERTIFICATE OF INTERESTED PARTIES
## AND CORPORATE DISCLOSURE STATEMENT

Undersigned counsel for Appellant NCL (BAHAMAS) LTD. certifies that the following is a complete list of all known persons and entities with an interest in the outcome of this case:

Marcia G. Cooke, United States District Judge, Southern District of Florida

William C. Turnoff, United States Magistrate Judge, Southern District of Florida

Mase Lara Eversole, P.A., and its attorneys, including Curtis J. Mase, Esq. and Valentina M. Tejera, Esq.

Peter Sotolongo, Esq.

Paul Brown Feltman, Esq.

Arrasas Limited

NCL (Bahamas) Ltd.

NCL Corporation Ltd.

NCL International, Ltd.

NCL Investment Ltd.

NCL Investment II Ltd.

TPG Viking AIV III, L.P.

TPG Viking I, L.P.

TPG Viking II, L.P.

MASE LARA EVERSOLE

Star NCLC Holdings Ltd.

Erikson Harrisson

## STATEMENT OF COUNSEL

I express a belief, based on a reasoned and studied professional judgment,

that this appeal involves a question of exceptional importance:

Whether this Court is barred by 28 U.S.C. § 1447 from reviewing an
order on remand that finds as void and unenforceable an international
agreement to arbitrate that relates to the subject matter of this action
where such remand is not permitted by the United Nations Convention
on Recognition and Enforcement of Foreign Arbitral Awards
("Convention") and its enabling legislation, 9 U.S.C. § 201 et seq.

Valentina M. Tejera
Counsel for Norwegian

i
MASE LARA EVERSOLE

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PARTIES AND
CORPORATE DISCLOSURE STATEMENT .......................................... C-1

STATEMENT OF COUNSEL ........................................................ i

TABLE OF AUTHORITIES ........................................................ ii

STATEMENT OF THE COURSE OF PROCEEDINGS,
DISPOSITION OF THE CASE, AND FACTS ............................. 1

ARGUMENT ................................................................................. 3

    THE DISMISSAL OF NCL'S APPEAL FOR LACK OF
    JURISDICTION CONTRAVENES CONGRESS' EXPRESS
    INTENT THAT FEDERAL COURTS DETERMINE THE
    ENFORCEABILITY OF INTERNATIONAL ARBITRATION
    AGREEMENTS ................................................................ 3

    1.    9 U.S.C. § 208 and 9 U.S.C. § 16(a)(1)(C) confer this
        Court with jurisdiction to review the district court's order
        that denied arbitration .............................................. 5

    2.    Congress sought uniformity in the law of international
        arbitration by providing immediate appellate review for
        orders that deny arbitration .................................... 12

CONCLUSION ......................................................................... 15

CERTIFICATE OF SERVICE ................................................. 16

COPY OF OPINION ................................................................ 17

## TABLE OF AUTHORITIES

**Case**                                                                         **Page**

*Am. Express Fin. Advisors, Inc. v. Makarewicz,*
122 F.3d 936 (11th Cir. 1997) ............................................. 11

*Azevedo v. Carnival Corp.,*
2008 WL 2261195 (S.D. Fla. May 30, 2008) ...................................... 14

*Bautista v. Star Cruises,*
96 F.3d 1289 (11th Cir. 2005) ........................................ 2,14

*Beiser v. Weyler,*
84 F.3d 665 (5th Cir. 2002) ......................................... 5,12

*Cargill Int'l S.A. v. M/T Pavel Dybenko,*
91 F.3d 1012 (2d Cir. 1993) ................................................. 5

*City of Waco v. United States Fid. & Guar. Co.,*
93 U.S. 140 (1934) ............................................................ 4,5

*Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,*
47 U.S. 102 (1980) ............................................................ 7

*Dahiya v. Talmidge Int'l, Ltd.,*
371 F.3d 207 (5th Cir. 2004) ............................................... 13

*First Nat'l Bank of Pulaski v. Curry,*
301 F.3d 456 (6th Cir. 2002) ................................................ 9

*Halperin v. Regional Adjustment Bureau, Inc.,*
06 F.3d 1063 (11th Cir. 2000) ............................................... 7

*Harrisson v. NCL (Bahamas) Ltd.,*
011 WL 1595170 (S.D. Fla. April 27, 2011) .................................. 2,4,13

*Kircher v. Putnam Funds Trust,*
547 U.S. 633 (2006) .......................................................... 13

MASE LARA EVERSOLE

*Legal Envtl. Assistance Found., Inc. v. EPA*,
    276 F.3d 1253 (11th Cir. 2001) ........................................................... 10

*Lindo v. NCL (Bahamas) Ltd.*,
    52 F.3d 1257 (11th Cir. 2011) ........................................................ 2,14

*Lloyd v. Benton*,
    686 F.3d 1225 (11th Cir. 2012) ........................................................ 9,10

*McDermott Int'l, Inc. v. Lloyds Underwriters of London*,
    44 F.2d 1199 (5th Cir. 1991) .............................................................. 6

*McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*,
    501 F.3d 1244 (11th Cir. 2007) ......................................................... 12

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    73 U.S. 614 (1985) ............................................................................ 4

*M/S Bremen v. Zapata Off-Shore Co.*,
    07 U.S. 1 (1972) ............................................................................... 4

*Scherk v. Alberto-Culver Co.*,
    17 U.S. 506 (1974) ............................................................................ 4

*Shotz v. City of Plantation*,
    344 F.3d 1161 (11th Cir. 2003) ......................................................... 10

*Snapper, Inc. v. Redan*,
    71 F.3d 1249 (11th Cir. 1999) ............................................................ 5

*Thomas v. Carnival*,
    73 F.3d 1113 (11th Cir. 2009) ............................................................ 2

*United States. v. One 1990 Beechcraft*,
    19 F.3d 1275 (11th Cir. 2010) ............................................................ 7

*United States v. Silva*,
    43 F.3d 795 (11th Cir. 2006) ............................................................. 7

MASE LARA EVERSOLE

*Williams v. NCL (Bahamas) Ltd.*,
  86 F.3d 1169 (11th Cir. 2012) ............................................................ 4,5

*62 cases of Jam v. United States*,
  40 U.S. 593 (1951)............................................................................ 7

## **OTHER AUTHORITIES:**

9 U.S.C. § 16 ............................................................................... 11

9 U.S.C. § 16(a)(1)(C)..............................................................3,5,6,11

9 U.S.C. § 16 (b)(3) ...................................................................... 11

9 U.S.C. § 201 ............................................................................... i

9 U.S.C. § 203 ............................................................................ 5,7

9 U.S.C. § 205 ................................................ 1,3,5,6,7,8,10,11

9 U.S.C. § 208 ......................................................................3,5,6,8,11

28 U.S.C. § 1331 ........................................................................ 1,7

28 U.S.C. § 1441(a)........................................................................ 9

28 U.S.C. § 1446 ........................................................................... 8

28 U.S.C. § 1447 ..........................................................................i,8

28 U.S.C. § 1447(c)........................................................................ 3

28 U.S.C. § 1447(d) ...................................................................2,3,4

28 U.S.C. § 1915(g) ....................................................................... 9

42 U.S.C. § 1983 ........................................................................... 9

MASE LARA EVERSOLE

# STATEMENT OF THE COURSE OF PROCEEDINGS, DISPOSITION OF THE CASE, AND FACTS

Erickson Harrisson ("Harrisson"), a Jamaican citizen, filed a complaint against NCL (Bahamas) Ltd. ("NCL") in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, based on claims that he was injured while employed aboard an NCL vessel. (D.E. 1). Harrisson's complaint asserted Jones Act negligence and failure to provide maintenance and cure claims. The terms of Harrisson's employment with NCL are governed by a Contract of Employment and a Collective Bargaining Agreement that require him to submit any dispute against NCL to arbitration. (I.B. at 5, 6).

Notwithstanding the arbitration clauses, Harrisson filed suit against NCL in Florida state court. (I.B. at 6). NCL removed the action pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 205 to the United States District Court for the Southern District of Florida on grounds that Harrisson's Contract of Employment and Collective Bargaining Agreement required arbitration between the parties under the Convention. Harrisson moved to remand the action to state court, which NCL opposed. (D.E. 5, 8).

Based on *Thomas v. Carnival*, 573 F.3d 1113 (11th Cir. 2009)[1], a case ruled inconsistent with this Court's prior precedent[2], the district court held that the pertinent arbitration agreement was void as against public policy and remanded the action to state court. (D.E. 22 *Harrisson v. NCL (Bahamas) Ltd.*, 2011 WL 1595170, *2 (S.D. Fla. April 27, 2011)). In so doing, the district court remanded the action to state court, but did not expressly indicate that it lacked subject matter jurisdiction.

NCL appealed from the district court's order and Harrisson moved to dismiss this appeal. (D.E. 24). In the motion to dismiss, Harrisson argued that pursuant to 28 U.S.C. § 1447(d), this Court is precluded from reviewing the district court's order that remanded this case to state court. (See Motion to Dismiss Appeal at p. 3). NCL argued that § 1447(d) does not apply because the remand was not based on the district court lacking subject-matter jurisdiction. In the alternative, NCL argued that even if § 1447(d) applied its exceptions allowed review of the court's order.

On August 22, 2012, this Court issued its opinion in *Harrisson v. NCL (Bahamas) Ltd.*, — F.3d —, 2012 WL 3590688 (11th Cir. Aug. 22, 2012), granted

[1] That case applies only to statutory claims and does not address non-statutory general maritime claims.
[2] *See Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005); *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011).

2
MASE LARA EVERSOLE

Harrisson's motion to dismiss, and dismissed NCL's appeal for lack of jurisdiction. This Court held that it lacked jurisdiction over the appeal from the district court's order on remand under 28 U.S.C. § 1447(c) and dismissed pursuant to 28 U.S.C. § 1447(d). *Id.* at 8. NCL respectfully requests rehearing or rehearing *en banc* of the Court's ruling.

## ARGUMENT

**THE DISMISSAL OF NCL'S APPEAL FOR LACK OF JURISDICTION CONTRAVENES CONGRESS' EXPRESS INTENT THAT FEDERAL COURTS DETERMINE THE ENFORCEABILITY OF INTERNATIONAL ARBITRATION AGREEMENTS.**

This Court's decision to dismiss NCL's appeal for lack of subject-matter jurisdiction has created a question of exceptional importance that must be answered by this Court on rehearing or sitting *en banc*. At the outset, the district court's substantive decision not to compel arbitration within its omnibus order is an immediately appealable decision under § 208 of the Convention and 9 U.S.C. § 16(a)(1)(C) of the Federal Arbitration Act ("FAA"). The district court's remand of this action on a finding that it lacked subject matter jurisdiction is not supported by the Convention or the text of the pertinent order. Plainly, the Convention treats any removed action as though originally brought in the district court. *See* 9 U.S.C. § 205. There are no provisions in the Convention or in the Federal Arbitration Act

governing the treatment of orders that grant remand. That is because Congress

never contemplated remand for cases falling under the Convention.

This Court's opinion has undermined Congress' intent for orders that deny

arbitration be subject to immediate appellate review. By conflating the order that

denied arbitration with the subsequent decision on subject-matter jurisdiction this

Court contravened clear Congressional intent and the United States' long-standing

public policy favoring enforcement of arbitration. *See, e.g., M/S Bremen v. Zapata*

*Off-Shore Co.*, 407 U.S. 1, 8 (1972); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506

(1974); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614,

629 (1985). The decision to decline jurisdiction over the order that denied NCL's

motion to compel arbitration has far-reaching consequences on the jurisprudence

of international arbitration that goes beyond that involving seafarer's agreements

and must be immediately resolved. Accordingly, and in view of the divergence[3] of

---

[3] This Court's divergence over the issue is apparent from the dissent to this Court's opinion as well as the recently vacated opinion in *Williams v. NCL (Bahamas) Ltd.*, 686 F.3d 1169 (11th Cir. 2012) (opinion *sua sponte* vacated by *Williams v. NCL (Bahamas) Ltd.*, — F.3d —, 2012 WL 3608537 (11th Cir. Aug. 21, 2012); *see also Harrisson v. NCL (Bahamas) Ltd.*, — F.3d —, 2012 WL 3590688 (11th Cir. 2012) (Hill, J. dissenting). In the vacated *Williams* order, this Court held it had jurisdiction under an exception to 1447(d) and relied on the reasoning in *City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 55 S. Ct. 6 (1934). Most respectfully, *Williams* correctly determined that this Court has jurisdiction to review the order that denied arbitration. *Williams* remains pending before this Court and is currently slated for oral argument on January 14, 2013. To avoid

4

MASE LARA EVERSOLE

opinion on this issue, as well as the important public policy considerations implicated by this Court's opinion, NCL respectfully requests that the entire Court address the issue presented by this Petition.

1. **9 U.S.C. § 208 and 9 U.S.C. § 16(a)(1)(C) confer this Court with jurisdiction to review the district court's order that denied arbitration.**

One of the principal goals of the Convention is to unify standards by which international arbitration agreements are enforced. *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.3d 1012, 1016 (2d Cir. 1993). To this end, Congress intended for actions to be originally brought in the district courts to compel arbitration under the Convention and also set an easily met jurisdictional hurdle to remove an action from state court. *See* 9 U.S.C. §§ 203, 205. An action need only "relate to" an arbitration agreement to be removable. 9 U.S.C. § 205. An action relates to an arbitration agreement if it "could conceivably affect the outcome of the plaintiff's case." *See Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002). By this legislation, Congress sought to funnel the enforcement of international arbitration

---

repetition, NCL hereby adopts by reference Judge Hill's dissent and the reasoning in the vacated opinion in *Williams* in support of rehearing *en banc*. Assuming the non-applicability of sections 208 and 16, the district court's decision was appealable as an interpretation of a choice-of-law or forum selection clause, *see Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999), or alternatively, as a separable decision preceding remand and conclusive on NCL. *See City of Waco v. United States Fid. & Guar. Co.*, 293 U.S. 140 (1934).

MASE LARA EVERSOLE

agreements to federal courts. *See id.* Congress also envisioned that district court orders which decline to compel arbitration under the Convention be immediately reviewable by the circuit courts – not remanded back to state courts for the ultimate determination of whether international arbitration should be enforced. *See McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207–08 (5th Cir. 1991). Without such immediate appellate review, there will be no uniformity in the enforcement of agreements to arbitrate.

Recognizing as much, section 208 along with section 16(a)(1)(C), expressly provide for immediate appellate review of orders that deny arbitration. What the Convention and its enabling legislation do not provide, however, is any provision or indication whatsoever that remand is appropriate following a determination that arbitration cannot be compelled. In fact, Congress' desire to have federal courts resolve these types of cases is so strong that remand after removal is not contemplated by the Convention. *See* 9 U.S.C. §§ 201–08. This is evident by pertinent statutory language treating any removed action as though originally brought in the district court. 9 U.S.C. § 205. Congress' directive that disputes regarding the enforcement of international agreements to arbitrate be disposed by district courts and that any orders denying arbitration be subject to immediate appellate review is made clear by the lack of any pertinent removal provisions. An

MASE LARA EVERSOLE

analysis of the plain language of the pertinent statutory provisions reveals as much.[4]

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 9 U.S.C. § 203:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

Removal of actions or proceedings falling under the Convention is governed specifically by 9 U.S.C. § 205. It provides:

> Where the subject matter of an action or proceeding pending in a State court *relates to an arbitration agreement* or award falling under the Convention, the defendant or the defendants may, at any time before

---

[4] "[T]he starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *see also Halperin v. Regional Adjustment Bureau, Inc.*, 206 F.3d 1063, 1066 (11th Cir. 2000). The rules of statutory construction control the determination of the applicability of a statute. *See United States v. Silva*, 443 F.3d 795, 797 (11th Cir. 2006). "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States. v. One 1990 Beechcraft*, 619 F.3d 1275, 1279 (11th Cir. 2010). Judges are to "ascertain − neither to add nor subtract, neither to delete nor to distort" the words with which Congress has expressed its purpose. *62 cases of Jam v. United States*, 340 U.S. 593, 596, 71 S.Ct. 515, 518 (1951).

MASE LARA EVERSOLE

the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. *The procedure for removal of causes otherwise provided by law shall apply*, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. *For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.*

9 U.S.C. § 205 (emphasis added). The "procedure for removal of civil actions" is found at 28 U.S.C. § 1446. That provision does not expressly grant the district court with authority to remand an action. Rather, the district court's general authority for remand is conferred by 28 U.S.C. § 1447, entitled "procedure after removal generally." Neither the Convention nor the Federal Arbitration Act (Chapter 1) expressly incorporates general remand provisions. In fact, section 205's language – "*[f]or the purposes of Chapter 1 of this title*[5] *any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed*" – indicates Congress never contemplated remand for cases removed under the Convention. It deemed "for purposes of Chapter 1" those cases to have been brought in the district court in the first instance. Cases brought in the district court in the first instance are not subject to

---

[5] Section 208 provides that "Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States."

MASE LARA EVERSOLE

remand. *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461, 467 (6th Cir. 2002).

*Lloyd v. Benton*, 686 F.3d 1225 (11th Cir. 2012), is of guidance. In *Lloyd*, this Court held when Congress is silent about remand for actions removed pursuant to statute, a district court's remand to state court of an action so removed is improper. *See* 686 F.3d 1225 (11th Cir. 2012), *citing Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345 n.9 (1976). In *Lloyd*, an indigent prisoner filed an action in state court alleging civil rights violations under 42 U.S.C. § 1983. The defendant properly removed the action to the federal district court. *Id.* at 1226. The district court held that under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA"), the prisoner was a "three strikes litigant" and barred from litigating in federal court. *Id.* at 1227. Over the defendant's objections, the action was remanded to state court. *Id.*

On appeal, this Court held that the action was properly removed to the district court and the decision to remand the case to state court was erroneous. *Id.* This Court further held the action was properly removed under the general removal statute, 28 U.S.C. § 1441(a), and the PLRA did not explicitly command that an action must be remanded if the prisoner litigant was barred from initiating a complaint in the district court. *Id.* at 1228. This Court indicated that under the

MASE LARA EVERSOLE

pertinent statute, the district court had original jurisdiction over the case and should have retained it. *Id.*

The same analysis applies here by analogy. The Convention provides that "any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed[]" and that the district court has original jurisdiction over any case "relating to" an arbitration agreement. 9 U.S.C. § 205. However, like the PLRA, the Convention is silent as to when an action should be remanded or whether an action can be remanded at all. Like *Lloyd*, the action here should never have been remanded because the governing statute does not envision it. Rather, what Congress envisioned was the entry of either an order compelling or denying arbitration – not the entry of an order of remand.

Reading the Convention's legislative provisions in this manner is consistent with its statutory framework. A statute must be read "harmoniously, as a whole, being particularly careful not to render any portion of the statute superfluous, if possible." *Shotz v. City of Plantation*, 344 F.3d 1161, 1173 (11th Cir. 2003), *citing Legal Envtl. Assistance Found., Inc. v. EPA*, 276 F.3d 1253, 1258 (11th Cir. 2001) ("[W]e must give meaning to all the words in the statute."), *cert. denied*, 537 U.S. 989, 123 S.Ct. 475, 154 L.Ed.2d 358 (2002)). Judicially incorporating remand into the Convention renders portions of the pertinent legislation superfluous, especially

MASE LARA EVERSOLE

section 205's language that removed actions are deemed to have been brought in the district court to which it was removed for the purposes of Chapter 1. The Convention, by 9 U.S.C. § 208, incorporates Chapter 1's appellate provisions that expressly grant immediate appellate review of orders denying arbitration. *See* 9 U.S.C. § 16(a)(1)(C).[6] It is that provision that grants this Court with jurisdiction to review the district court's order that denied NCL's application for arbitration.

This is consistent with the pertinent provisions of the Convention and the FAA that allow for appeals of orders that deny arbitration, but not of orders compelling arbitration. *See* 9 U.S.C. 208; 9 U.S.C. §§ 16 (a)(1)(C) & (b)(3); *see also Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 (11th Cir. 1997). The total effect of these provisions is to channel cases relating to international agreements to arbitrate into federal courts to effect the uniform enforcement of such agreements. Uniform enforcement cannot be obtained without immediate appellate review.

There are no provisions in the Convention or in the FAA governing the treatment of orders that grant remand. That is because Congress never

---

[6] Chapter 1 includes section 16 which applies to appeals from orders on arbitration. That section expressly confers this Court with jurisdiction to review an order "denying an application under section 206 of this title to compel arbitration." 9 U.S.C. § 16(a)(1)(C). Neither the Convention nor the FAA address the reviewability of remand orders because such were not contemplated as resulting orders under the pertinent legislation.

MASE LARA EVERSOLE

contemplated remand for cases falling under the Convention. Further, to the extent the order is one involving a lack of subject matter jurisdiction, dismissal and not remand is appropriate. *See generally McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007). (reviewing *de novo* a district court's legal conclusions in the resolution of a Rule 12(b)(1) motion to dismiss for want of subject-matter jurisdiction). Accordingly, the district court exceeded its power under the Convention when it remanded this matter to state court in connection with its denial of NCL's motion to compel arbitration.

2.    **Congress sought uniformity in the law of international arbitration by providing immediate appellate review for orders that deny arbitration.**

One of Congress' principal goals behind enactment of the Convention was to provide predictability in the field of international arbitration. *See Beiser*, 284 F.3d at 666. The decision reached in this case that dismissed NCL's appeal for lack of jurisdiction does nothing to foster predictability. Instead, it undermines the developing jurisprudence of international arbitration. Here, since the action has been remanded, the district court and the state court will both pass on the same question of the arbitration clause's validity. Allowing two independent courts to decide the same issue can only lead to confusion and inconsistent results.

MASE LARA EVERSOLE

Relying on *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), and

*Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207 (5th Cir. 2004), this Court dismissed

this case for lack of subject-matter jurisdiction stating that "[c]ollateral estoppel

does not bar the state court from revisiting the claim" because "the district court's

analysis of the arbitration clause was limited to the question of whether the clause

was valid for purposes of subject matter jurisdiction." *Harrisson*, 2012 WL

3590688 at 7, 8. The possibility of a state court decision subsequently finding the

arbitration clause to be valid further undermines Congress' goal of predictability in

the field of international arbitration.

In reality, the substantive decision not to compel arbitration and to remand

the action for lack of subject-matter jurisdiction functions as a conclusive decision

on the arbitration clause's validity. It is unlikely that a state court would reach the

different decision of a federal district court that just analyzed the same problem

facing the state court. Ironically, in the event the state court reaches a different

decision, Congress' expressed intent for predictability is further defeated. Under

this scenario, parties will resort to enforcement of international arbitration

agreements under the Convention in state court instead of federal court. This

cannot be so.

13
MASE LARA EVERSOLE

The instant case provides a perfect example. Under *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005) and *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011), enforcement of the parties' agreement to arbitrate is required. But without appellate review of the district court order that denied arbitration such uniform enforcement is hindered by the ban on the reviewability of orders on remand. Remand simply does not fit within the framework of the Convention.

Furthermore, under the decision reached here, any party seeking to compel arbitration under an international arbitration agreement derives no benefit from removing an action to federal district court under the Convention. First, the removing party is exposed to potential fees and costs for improper removal. *See, e.g., Azevedo v. Carnival Corp.*, 2008 WL 2261195 (S.D. Fla. May 30, 2008). Second, even without the risk of potential fees and costs for improper removal, the party seeking the enforcement of an international agreement to arbitrate will have no incentive to remove a case to a federal district court in the face of a potential remand. Based on the Court's opinion in this case, remand means that a "jurisdictional" order denying arbitration is not substantive such that the issue can be readdressed *de novo* before the state court. That means that any party seeking the enforcement of an agreement to arbitrate will be required to re-brief the entire

issue before the state trial and appellate courts. Congress did not intend to enforce

international arbitration agreements in this manner.

## CONCLUSION

Congress enacted the Convention to place the law of international arbitration

in federal control to promote uniformity and predictability. This Court's decision

to dismiss NCL's appeal of the substantive order that denied arbitration defeats

Congress' clear intent and long-standing United States policy favoring arbitration.

As such, based on the foregoing arguments and legal authority, the Petitioner, NCL

(Bahamas) Ltd., respectfully requests this Court grant rehearing or hearing *en banc*

to resolve the question of exceptional importance arising from this appeal.

Respectfully submitted,

MASE, LARA, EVERSOLE, P.A.
*Attorneys for Appellant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By:_____

CURTIS J. MASE
Florida Bar No. 478083
VALENTINA M. TEJERA
Florida Bar No.: 0536946

15
MASE LARA EVERSOLE

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2012, the foregoing

document is being served on all counsel of record or *pro se* parties identified below

via U.S. Mail:

Peter Sotolongo, Esq.
Sotolongo, P.A.
201 South Biscayne Boulevard
Suite 2830
Miami, Florida 33131
Tel: (305) 415-0073
Fax: (305) 371-8667


Paul B. Feltman, Esq.
2100 Ponce de Leon Boulevard, #800
Coral Gables, FL 33134
Tel: (305) 444-5885
Fax (305) 444-8986

_____
Valentina M. Tejera

18200/#347